J-S06014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN THOMPSON | : | |
| | : | |
| Appellant | : | No. 2502 EDA 2018 |

Appeal from the Order Entered August 16, 2018
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0003498-2005

BEFORE:  BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED MAY 21, 2019**

Brian Thompson appeals from the order denying as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

On July 7, 2005, Appellant shot and killed the mother of his children, Crystal Thompson.  At trial, Appellant claimed either that the shotgun went off accidently when he tripped, or that it inadvertently fired while he was cleaning and playing with the gun because he was under the influence of drugs and alcohol.  To rebut these claims, the Commonwealth presented the testimony of Appellant's friend, Richard Mack ("Mack"), who contradicted Appellant's testimony that he had been drinking or doing drugs that morning. Appellant was found guilty of first degree murder and sentenced to life imprisonment.

Appellant filed a timely direct appeal.  On appeal, he contended that the Commonwealth failed to turn over ***Brady*** material about Mack's parole status

and elicited false testimony from Mack that he was not on parole at the time of the murder.[1]  *See Brady v. Maryland*, 373 U.S. 83 (1963).  On August 24, 2007, this Court affirmed the judgment of sentence.  *Commonwealth v. Thompson*, 935 A.2d 24 (Pa.Super. 2007) (unpublished memorandum).  The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on November 19, 2008.  *Commonwealth v. Thompson*, 960 A.2d 840 (Pa. 2008).

Appellant, acting *pro se*, filed a timely PCRA petition.  The PCRA court appointed counsel, although Appellant elected to proceed *pro se* with stand-by counsel.  In his petition, Appellant raised numerous issues including challenging his trial counsel's effectiveness for failing to request a bill of particulars for all of the prior convictions of Mack.  Following a hearing, the PCRA court denied Appellant's first PCRA petition.  This Court affirmed the denial on August 23, 2011.  *Commonwealth v. Thompson*, 32 A.3d 840 (Pa.Super. 2011).  The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal.  *Commonwealth v. Thompson*, 38 A.3d 825 (Pa. 2012).

---

[1] This inconsistency was significant because, as a parolee, Mack could not consume alcohol without violating the conditions of his parole.  Appellant's primary defense at trial was diminished capacity from voluntary intoxication. Appellant testified that, on the morning of the crime, Mr. Mack visited him, bringing beer, which the two drank as they smoked marijuana.  N.T. Trial, 3/8/06, at 124.  Mr. Mack testified that he visited Appellant, but they did not consume any intoxicating substances together and Appellant appeared to be sober.  N.T. Trial, 3/6/06, at 102.

On September 21, 2012, Appellant, acting *pro se*, filed his second PCRA petition. In his petition, Appellant argued that he was entitled to relief under the newly-discovered facts and governmental interference exceptions to the PCRA time bar, based on the fact that the Commonwealth never informed him that Mack had a pending criminal case at the time of Appellant's trial. The PCRA court dismissed the petition as untimely, and we agreed. **Commonwealth v. Thompson**, 105 A.3d 42 (Pa.Super. 2014) (unpublished memorandum). Our Supreme Court denied his subsequent petition for allowance of appeal. **Commonwealth v. Thompson**, 105 A.3d 42 (Pa. 2014).

On May 1, 2018, Appellant filed his third PCRA petition, in which he alleged that he had discovered new evidence of previously undisclosed prior convictions of Mack. Appellant filed a memorandum of law in support of his petition and the Commonwealth filed its Answer. The PCRA court issued notice of its intent to dismiss the petition as untimely and Appellant filed a response. On August 2, 2018, the PCRA court dismissed the petition. This *pro se* appeal followed.

Appellant presents the following two issues in his brief:

1. Did the trial court err by dismissing the properly filed PCRA petition without a hearing where the Appellant established that the Commonwealth suppressed evidence of numerous felony convictions by its witness-in-chief?

2. Does the trial court's failure to address or otherwise dispose of the July 9, 2018 properly[-]filed motion to amend the

PCRA and proposed amendment constitute an abuse of discretion and clear legal error?[2]

Appellant's brief at 6.

Our standard of review examines "whether the PCRA court's determination is supported by the evidence of record and free of legal error. We grant great deference to the PCRA court's findings, and we will not disturb those findings unless they are unsupported by the certified record." **Commonwealth v. Holt**, 175 A.3d 1014, 1017 (Pa.Super. 2017) (citation omitted).

A PCRA petition must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). "This time constraint is jurisdictional in nature, and is not subject to tolling or other equitable considerations." **Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017) (citation omitted). The time bar can "only be overcome by satisfaction of one of the three statutory exceptions codified at 42 Pa.C.S. § 9545(b)(1)(i)–(iii)." **Id**.

Appellant first alleges that he has uncovered newly-discovered facts which entitle him to a new trial. When considering a claim seeking to invoke the newly-discovered fact exception, our Supreme Court requires that a petitioner establish that: "(1) the facts upon which the claim was predicated

---

[2] We note with displeasure that Appellant's argument section does not correspond to his statement of issues.

were unknown and (2) they could not have been ascertained by the exercise of due diligence." ***Commonwealth v. Cox***, 146 A.3d 221, 227 (Pa. 2016) (citation omitted). Due diligence demands that the petitioner take reasonable steps to protect his own interests. ***Commonwealth v. Carr***, 768 A.2d 1164, 1168 (Pa.Super. 2001). This rule is strictly enforced. ***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa.Super. 2010). Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008).

Appellant concedes that his petition is untimely, but asserts that he has newly discovered evidence in the form of Mack's "numerous felony drug convictions," which he discovered on March 8, 2018, from his private investigator. Appellant's brief at 8. Appellant contends that he was not required to exercise due diligence, since it was "patently unreasonable" for him to conclude that Mack had any more unknown prior convictions after the conclusion of his second PCRA petition in 2012. Appellant's brief at 13-14. The trial court found Appellant's argument unconvincing and we agree.

The facts at issue are Mack's prior convictions, which Appellant alleges that he discovered for the first time in March of 2018. However, Appellant's direct appeal and two previous PCRA petitions already raised allegations about Mack's criminal history. Appellant was well-aware that Mack had a criminal record before the conclusion of trial, as trial counsel brought the fact that Mack

- 5 -

was out of jail on parole at the time of the murder to the attention of the jury, Commonwealth, and trial court. N.T. Trial, 3/8/06, at 107-09. Additionally, Appellant's second PCRA petition challenged the Commonwealth's failure to disclose Mack's pending charges at the time of trial. Therefore, even if Appellant was not aware of Mack's entire criminal record at the conclusion of his second PCRA petition in 2012, Appellant "was [at the very least] put on notice that there was information unknown to him about Mack's criminal history and that further investigation may be necessary" at that time. Trial Court Opinion, 9/20/18, at 15.

In his brief, Appellant argues that he had no due diligence obligations after his second PCRA petition was dismissed, because he had no reason to believe that he did not have Mack's entire criminal record. Appellant's brief at 14. This conclusion fails to account for the fact that "due diligence demands that the petitioner take reasonable steps to protect his own interests." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015). Appellant concedes this point, admitting that the information recovered during the pendency of his second PCRA petition led him to continue to investigate Mack's prior criminal record. Appellant's brief at 14-15. In fact, Appellant contends that immediately following the conclusion of his second PCRA petition he spent years seeking an investigator and an attorney to assist him. *Id*. at 24-25. Thus, by Appellant's own admission, he was aware of the need for further investigation into Mack's criminal record as of 2012.

Consequently, we reject Appellant's attempt to tailor his newly-discovered fact analysis to his alleged 2018 discovery. There are situations in which a petitioner may passively rely on learning information as opposed to actively seeking out those facts. *See Commonwealth v. Medina*, 92 A.3d 1210 (Pa.Super. 2014) (*en banc*) (finding that a PCRA petition based on newly-discovered facts was timely where witnesses contacted the defendant and recanted their testimony, claiming that a police detective coerced their statements; Medina was not required to contact the witnesses because he had no reason to suspect the coercion and no duty to engage in a fishing expedition as to why witnesses lied). However, this is not one of those situations.

In contrast to *Medina*, the fact that Mack had a prior criminal record should have been obvious to Appellant back at trial in 2006, when it was brought to his attention that Mack had been on parole at the time of the crimes. Therefore, Appellant bore the duty to seek out the facts that he now attempts to use to support his claim twelve years later. His failure to do so is fatal to his claim.

Appellant relies on *Commonwealth v Burton*, 158 A.3d 618 (Pa. 2017), which held that, for purposes of § 9545(b)(1)(ii)'s requirement that the facts be unknown, materials in the public record are not presumptively known to an incarcerated *pro se* petitioner. Appellant contends that his failure to discover the full extent of Mack's criminal record prior to 2018 does not preclude a finding of due diligence in light of *Burton*, since he was *pro se* from

2009 until 2018; therefore, he lacked the necessary "conduit to such records." Appellant's brief at 16. We disagree, and find that **Burton** does not compel such a result.

**Burton** holds only that material in the public record is not presumptively known to an incarcerated *pro se* PCRA petitioner just because that information is publicly available. It does not follow from **Burton** that Appellant is relieved of his duty to seek out facts as a matter of due diligence. Appellant has to prove both that the facts were unknown and that he exercised due diligence when uncovering them. 42 Pa.C.S. 9545(b)(1)(ii). The knowledge about Mack's criminal history gleaned from trial and his previous PCRA petitions supplied a basis for Appellant to seek out further information. It is readily apparent from the lengthy delay that resulted, between when Appellant was put on notice and when he allegedly uncovered the information, that Appellant failed to proceed in a duly-diligent manner. Notably, Appellant's claim that he could not have learned of this information earlier because he was incarcerated and unrepresented is specious since Appellant remains incarcerated and unrepresented, yet he became aware of the alleged new material. Therefore, we conclude that the PCRA court did not err when it determined that Appellant failed to meet the newly-discovered fact exception to the PCRA time-bar necessary to establish jurisdiction.

Second, Appellant asserts that the Commonwealth's failure to disclose the complete criminal history of Mack constitutes a **Brady** violation that falls

within the ambit of the PCRA time-bar exception for governmental interference. Appellant's brief at 17-24; *see also* 42 Pa.C.S. § 9545(b)(1)(i). Appellant further alleges that "no affirmative due diligence duty is required" in order to meet this exception. *Id*. at 22. We disagree.

Although a ***Brady*** violation may fall within the governmental interference exception, that conclusion does not end the analysis, since a petition must still be filed within sixty days[3] of the date the claim could have been filed pursuant to 42 Pa.C.S. § 9545(b)(2). ***See also Commonwealth v. Beasley***, 741 A.2d 1258, 1261 (Pa. 1999). This means that a petitioner must still plead and prove that the failure to previously raise the claim was the result of interference by government officials, and that the petition was filed within sixty days of when he could first present the claim. ***Commonwealth v. Breakiron***, 781 A.2d 94, 98 (Pa. 2001).

As previously noted, Appellant has failed to convincingly explain why the information concerning Mack's prior record could not have been obtained or presented earlier. Thus, he also fails to meet his burden of proof regarding the governmental interference exception. We therefore affirm the dismissal of Appellant's third PCRA petition on this basis.

Order affirmed.

---

[3] Since the filing of Appellant's brief, 42 Pa.C.S. § 9545(b)(2) has been amended to allow petitioners one year to present claims, in lieu of the previously-allotted sixty days.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/21/19